# THE

# New York Supplement

## VOLUME 65,

### AND

## New York State Reporter,

## VOLUME 99.

---

NEW YORK BANK-NOTE CO. v. HAMILTON BANK-NOTE ENGRAVING
& PRINTING CO. et al.

(Supreme Court, Special Term, New York County. June 8, 1900.)

INFRINGEMENT OF PATENT—NOMINAL DAMAGES—WHEN AWARDED.
　　Where an interlocutory judgment for infringement stated the measure
　　of plaintiff's damage to be the profits derived by defendant in using certain
　　patented machines rather than others purchasable elsewhere than from a
　　certain company, and a referee's report showed that other machines iden-
　　tical with those in question could be readily procured through manufacture,
　　though the same were not purchasable as actually constructed at the
　　time, only nominal damages will be awarded plaintiff.

Action by the New York Bank-Note Company against the Hamilton
Bank-Note Engraving & Printing Company and others. Judgment
for plaintiff, awarding nominal damages.

Edward P. Lyon, for plaintiff.
William L. Turner, for defendant Hamilton Bank-Note Engraving
& Printing Co.
F. A. Burnham, for defendant Kidder Co.

BISCHOFF, J. Under the terms of the interlocutory judgment,
as modified by the appellate division, I can have no doubt that the
first and second measures or theories of damage were not to be made
the subject of an accounting, except upon proof by the plaintiff that
there was a monopoly in the use of the Kidder press, or that the con-
tracts secured by the Hamilton Company could not have been ob-
tained without the intended use of that press. As to these facts
the proof, certainly, did not suffice; and the question is narrowed to

65 N.Y.S.—1

the plaintiff's right to an accounting of damages based upon the sav-, ing of profit effected by the defendant's use of the Kidder press, in the performance of its contracts, over the profits it would have made by using "presses in its possession, or known to and purchasable by it." The words quoted from the interlocutory judgment are to be interpreted in the light of the opinion of the court whose intention was sought to be expressed, since the opinion, while not a part of the record, is still to be looked to by the lower court as conclusive authority when seeking to carry out the directions of the higher court under the expressed law of the case. Thus interpreted, the measure of damage would be found in the "gains by printing on the presses in question, instead of on any other press purchasable elsewhere, or capable of being manufactured by others than the Kidder Company." 28 App. Div. 428, 50 N. Y. Supp. 1103. And the exact meaning is important, because the proof before the referee, leading to his finding that there was no damage, was directed to the fact that presses identical with the Kidder press were readily to be procured, through manufacture, by persons other than the Kidder Company; but it does not appear that identical presses were "purchasable," as actually constructed at the time. The proof amply supports the referee's conclusion that no gains were effected by the use of the Kidder press, "rather than by the use of presses known to and purchasable by the plaintiff," when the word "purchasable" is taken as including presses capable of manufacture; and that the word must so be taken is, as I have said, necessarily to be held. The plaintiff's insistence before the referee that the defendant should file an account of its profits and of the saving effected by the use of this press misconceived the order of proof. An account of the actual profits might have been required, but the proof that a saving was effected was then to come from the plaintiff, as affirmative matter touching the quantum of damages. Therefore the motion for a preliminary statement of account was too broad, and there was no error in its denial. I think, however, that the interlocutory judgment, which proceeded upon the fact that a right of the plaintiff had been violated, called for a finding of nominal damages, notwithstanding the failure of proof as to substantial damage; and in this particular the report will be modified, and as modified confirmed. The question as to the plaintiff's right to an injunction has been conclusively determined in its favor, and, whether or not the expectation of future damage was well founded, the matter cannot now be affected by the result of an inquiry which was directed only to past damage.

Exceptions overruled, and report confirmed, as modified by a finding of six cents damages, and final judgment directed in favor of the plaintiff, without costs to either party.